```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LUCY AMADOR, et al., on behalf of      :
themselves and all others similarly    :
situated,                              :
                                       :
                    Plaintiffs,        :    03 Civ. 0650
                                       :      (KTD)(GWG)
        -against-                      :
                                       :    OPINION & ORDER
ANGINELL ANDREWS, et al.,              :
                                       :
                    Defendants.        :
------------------------------------X
```

KEVIN THOMAS DUFFY, U.S.D.J.

Plaintiff Shenyell Smith ("Plaintiff") moved for an order granting default judgment against Defendant Delroy Thorpe ("Defendant") pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. For the following reasons, I order Defendant to appear for the continuation of his deposition within thirty (30) days of the date of this order. If Defendant fails to appear for his deposition within thirty (30) days, I will enter default against him.

I.  Background

Plaintiff brought an individual damages action against Defendant, a former correction officer with the New York Department of Correctional Services ("DOCS"), for the harm she suffered as a result of alleged sexual assault and harassment while she was an inmate at Bedford Hills Correctional Facility. Defendant appeared for his deposition on August 31, 2006 for

1

seven hours, taking 40 minutes to review documents concerning Defendant's interaction with a non-party inmate. Because of the late hour, the parties agreed to adjourn Defendant's deposition for approximately a week until September 8, 2006. During the continuation of his deposition, Plaintiff plans to revisit questions regarding Defendant's personal relationships with Plaintiff, the non-party inmate, and other inmates.

Before the deposition could resume, DOCS opened an investigation into Defendant based on his testimony at the deposition. The parties agreed to extend the adjournment until the end of the investigation, which concluded in June 2007 (although Plaintiff did not learn of its conclusion until June 2008). DOCS substantiated allegations that Defendant had engaged in an improper relationship with a non-party inmate and provided false information at his deposition in this action. Defendant resigned from DOCS on July 11, 2007.

On May 14, 2008, Plaintiff served Defendant with discovery requests. Defendant's attorney, Cynthia Dolan, requested an extension to reply because Defendant had gone missing sometime before May 2008, and she was attempting to locate him. Plaintiff also attempted to obtain a date for the continuation of Defendant's deposition, but Ms. Dolan responded in a letter dated July 3, 2008, that Defendant's whereabouts were still unknown and she had retained a private investigator to locate

him.  Since then, Plaintiff has made numerous unsuccessful attempts to schedule the continuation of Defendant's deposition.  On May 28, 2009, Ms. Dolan and Plaintiff's attorneys met and conferred by telephone about Defendant's whereabouts and Plaintiff's intention to seek a default judgment under Rule 37(d) if Defendant continued to be unavailable.  Ms. Dolan again acknowledged that she could not locate Defendant and agreed it was appropriate for Plaintiff to alert the court to his disappearance.

On August 14, 2009, Plaintiff served Ms. Dolan with discovery requests relating to punitive damages claims against Defendant.  On August 21, 2009, Ms. Dolan confirmed that she still did not know the whereabouts of Defendant and could not obtain or produce the requested documents.  On September 2, 2009, Plaintiff moved for default judgment against Defendant pursuant to Rule 37(d).

II. Discussion

Rule 37(d) provides that when a party fails to attend its own deposition after being served with proper notice, a court may order a range of sanctions, including "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(d)(3); FED. R. CIV. P. 37(b)(2)(A)(vi).  The entry of default "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-

compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). While Rule 37 allows for less harsh remedies, severe sanctions may be necessary to avoid a situation where a court seems to "encourage dilatory tactics, and compliance with discovery orders . . . come[s] only when the backs of counsel and the litigants were against the wall." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (upholding decision to enter default after defendants failed to appear at their depositions).

In considering the possible range of sanctions, including entry of default, the following factors are relevant: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *Agiwal*, 555 F.3d at 302.

Here, Defendant agreed to the continuation of his deposition but disappeared after learning of the adverse outcome of the DOCS investigation. Defendant's willfulness and bad faith are evident from (1) his failure to respond to his counsel's and Plaintiff's repeated attempts at communication; and (2) his failure to offer any explanation for refusing to complete his deposition or respond to Plaintiff's outstanding discovery requests. *See id.* at 303. Defendant's counsel

4

provides nothing but unsubstantiated speculation that Defendant "may have been forced to leave the Country or is sick somewhere." See *Neufeld v. Neufeld*, 169 F.R.D. 289, 290 (S.D.N.Y. 1996) ("[A]s the text of [Rule 37(d)] makes clear, the party who has failed to appear for a deposition bears the burden of demonstrating a substantial justification for her absence"). Defendant has been non-responsive to his discovery obligations and has stalled this litigation for well over one year. Moreover, Plaintiff has repeatedly warned Defendant of the consequences of non-compliance, specifically that Plaintiff will seek sanctions, including default judgment.

That said, while Plaintiff has warned Defendant of her intention to seek sanctions against him, Defendant has not yet been warned by *the court* that his conduct constitutes sanctionable behavior. Rule 37 contemplates some judicial intervention between a notice of deposition or discovery requests and the imposition of sanctions. See *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Judicial intervention "serves to alert the offending party to the seriousness of its noncompliance and . . . also functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations." *Id.* at 1365.

If Defendant refuses to comply with this order, I will be left with no choice but to enter default against him, as lesser sanctions are unlikely to be effective given Defendant's repeated and categorical refusal to participate any further in the litigation.  See *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987) ("The Magistrate . . . warned Jones that defendants might move for sanctions, 'because of what [he] construe[d] to be [Jones'] deliberate attempts to delay and frustrate the discovery in this case.'"), *cert. denied,* 488 U.S. 825 (1988); *Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 59 (2d Cir.1978) (reversing district court's dismissal for failure to prosecute, noting that "there had been no ... judicial participation indicating that a dismissal might be in the offing"); *Sieck*, 869 F.2d at 134 (affirming the granting of a default judgment where, after receiving a warning from the court, defendants consciously absented themselves from scheduled depositions).

III.  Conclusion

Defendant is ORDERED to appear for deposition within thirty (30) days of the date of this order.  If he again fails to appear for deposition within that period of time, I will enter default against him.

SO ORDERED

Dated: New York, N.Y.

November 18, 2009

KEVIN THOMAS DUFFY
UNITED STATES DISTRICT JUDGE

7