```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LUCY AMADOR, et al., on behalf of    :
themselves and all others similarly  :
situated,                            :
                    Plaintiffs,      :   03 Civ. 0650
                                     :      (KTD)(GWG)
        -against-                    :
                                     :   OPINION & ORDER
ANGINELL ANDREWS, et al.,            :
                                     :
                    Defendants.      :
------------------------------------X
```

KEVIN THOMAS DUFFY, U.S.D.J.

Plaintiff Shantelle Smith ("Smith") moves for an order granting summary judgment as to liability on her claim against Defendant James Hudson ("Officer Hudson") pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Officer Hudson did not oppose Smith's motion for summary judgment. For the following reasons, I grant Smith's motion for summary judgment.

I.   BACKGROUND

Smith was incarcerated at Bayview Correctional Facility ("Bayview") from July 26, 2001 through June 13, 2003. Between July 2002 and June 2003, Smith was housed on the eighth floor in a one-person cell. From the late 1980s until August 2003, the New York State Department of Correctional Services ("DOCS") employed Officer Hudson as a Correction Officer at Bayview. From approximately 1997 through August 2003, Officer Hudson was assigned to the eighth floor of Bayview. In the spring of 2003,

1

Officer Hudson was the only officer assigned to the eighth floor of Bayview during the 3:00pm to 11:00pm shift.

Smith alleges that in April 2003 Officer Hudson sodomized her by forcing her to perform oral sex on him in a stairwell, accessible from the eighth floor, the doors to which were kept locked and could only be unlocked by the correction officer on duty.  Further, Smith alleges that Officer Hudson sodomized her on May 30, 2003, by forcing her to perform oral sex on him in her cell while the other inmates housed in the unit watched a movie in the recreation room.  Officer Hudson threatened that if Smith reported the incident, he would make her life during incarceration more difficult.

On June 11, 2003, Smith confided in a counselor, and the next day, Smith informed other DOCS officials that Officer Hudson forcibly sodomized her.  DOCS investigators collected the shirt Smith wore on May 30, 2003 and sent it to the New York City police, who then forwarded it to the New York City's Medical Examiner for testing.  Testing confirmed that Officer Hudson's semen was on the shirt and that the semen was mixed with Smith's saliva.

On March 26, 2007, Officer Hudson pled guilty in state court to sodomy in the third degree in violation of New York Penal Law § 130.40 and was convicted of that crime.  During his allocution, Officer Hudson admitted under oath to engaging in

2

"deviate sexual intercourse" with Smith, based on sexual contact between his penis and her mouth during the assault in May 2003.

At his October 31, 2007 deposition in this action, Officer Hudson testified that he sodomized Smith; that he pled guilty to sodomy in the third degree; and that he was, in fact, guilty of that crime. At his deposition, however, Officer Hudson refused, on the basis of the Fifth Amendment privilege against self-incrimination, to answer any other questions regarding details of the May 2003 incident and the earlier incident in April 2003.

II.  Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Beard v. Banks, 548 U.S. 521, 529 (2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

If the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists for trial, the non-movant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown v. Henderson, 257 F.2d 246, 251 (2d Cir. 2001) (citation omitted). The nonmoving party "may not rely merely on allegations or

denials in its own pleadings;" bald assertions unsupported by evidence are insufficient to overcome a motion for summary judgment. FED. R. CIV. P. 56(e)(2); see Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Rule 56(e)(2) further provides that: "If the opposing party does not [ ] respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). While the non-moving party's burden to respond arises only if a summary judgment motion is "appropriate," meaning the moving party has met its burden of production to show the absence of a genuine issue of material fact, a court will proceed, if there is no opposition by the non-movant, to grant summary judgment if the moving party has met its initial burden. See Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). "[I]n determining whether the moving party has met this burden . . . ., the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2007) (citation omitted).

III. DISCUSSION

Despite the decision of Officer Hudson not to oppose the motion for summary judgment, I must determine if Smith has met

4

her initial burden of demonstrating that no material issue of fact regarding the April 2003 and May 2003 incidents remains for trial.  See Amaker, 274 F.3d at 681.  If Smith meets this burden, I must grant summary judgment as to liability against Officer Hudson.

Smith cited to the following evidence in the record to support her assertion that Officer Hudson violated her Eighth Amendment rights when he forcibly sodomized her: (1) unrebutted testimony from Smith's deposition describing the April 2003 and May 2003 incidents; (2) Officer Hudson's guilty plea to sodomy in the third degree based on the May 2003 incident; (3) Smith's inmate grievance complaint; (4) various laboratory reports confirming that the short worn by Smith during the May 2003 incident contained semen from Officer Hudson and that the semen was mixed with Smith's saliva; and (5) Officer Hudson's refusal to answer virtually all questions at his deposition regarding the allegations of forcible sodomy and his assertion of the Fifth Amendment privilege.

It is well settled that a court may draw "a negative inference . . . against the non-moving party if the non-moving party asserts the Fifth Amendment privilege against self incrimination in response to probative evidence by the moving party."  JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev't & Trade Servs., Inc., 386 F. Supp. 2d 461, 464 (S.D.N.Y.

5

2005) (citing LiButti v. United States, 107 F.3d 110, 121 (2d Cir. 1997); United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave., 55 F.3d 78, 82-83 (2d Cir. 1995); Adelphia Communications Corp. v. Rigas, 317 B.R. 612, 623-24 (Bkrtcy. S.D.N.Y. 2004)). Because Officer Hudson asserted his Fifth Amendment privilege and refused to answer questions about his sexual misconduct, I must draw an adverse inference against him pertaining to his involvement in the April 2003 and May 2003 incidents.

Therefore, after reviewing all the evidence, Smith has established that there is no genuine issue of material fact precluding the entry of summary judgment as to liability against Officer Hudson for violating Smith's Eighth Amendment rights when he forcibly sodomized her on two separate occasions. Officer Hudson had the opportunity to offer evidence contesting Smith's allegations, but chose not to do so.

VII. Conclusion

For the reasons set forth above, Smith has demonstrated that she is entitled to summary judgment as to liability against Officer Hudson. Accordingly, Plaintiff's motion for summary judgment is GRANTED. I order discovery on the limited issue of punitive damages for a 60-day period from the date of this order and an inquest on damages thereafter.

SO ORDERED.

Dated: New York, N.Y.

June 10, 2010

KEVIN THOMAS DUFFY
UNITED STATES DISTRICT JUDGE