```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3      -------------------------------X
                                       :
 4      AMADOR, et al.,                :   03-CV-00650
                                       :
 5                     Plaintiffs,     :
                                       :
 6                 v.                  :   500 Pearl Street
                                       :   New York, New York
 7      ANDREWS, et al.,               :
                                       :   December 20, 2011
 8                    Defendants.      :
        -------------------------------X
 9
              TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
10            BEFORE THE HONORABLE GABRIEL W. GORENSTEIN
                   UNITED STATES MAGISTRATE JUDGE
11
        APPEARANCES:
12
        For the Plaintiff:        SVETLANA EISENBERG, ESQ.
13                                PORTIA PEDRO, ESQ.
                                  STEPHANIE BRANNEN, ESQ.
14                                Debevoise & Plimpton
                                  919 Third Avenue
15                                New York, New York  10022

16                                DORI LEWIS, ESQ.
                                  The Legal Aid Society
17                                Prisoners' Rights Project
                                  15 Park Row
18                                23rd Floor
                                  New York, New York  10038
19
        For Defendant/Hudson:     RAYMOND COLON, ESQ.
20
        For Defendant/Thorpe:     CYNTHIA DOLAN, ESQ.
21
        For Defendant/Brenyan:    WALTER RICH, ESQ.
22

23      Court Transcriber:        SHARI RIEMER
                                  TypeWrite Word Processing Service
24                                211 N. Milton Road
                                  Saratoga Springs, New York  12866
25


        Proceedings recorded by electronic sound recording, transcript
        produced by transcription service
```

2

1          THE CLERK: This is the case of <u>Amador v. Andrews</u>.

2          Counsel, please state your appearances for the

3    record.

4          MS. LEWIS:  Dori Lewis from the Legal Aid Society

5    for plaintiffs and along with me today from the law firm of

6    Debevoise & Plimpton, my co-counsel Svetlana Eisenberg, Portia

7    Pedro and Stephanie Brannen.

8          MR. SCHULZE:  Daniel Schulze and Barbara Matters

9    from the New York Attorney's General Office for the

10   Supervisory defendants.

11         MS. DOLAN:  Cynthia Dolan, Boeggeman, George & Corde

12   for defendant Delroy Thorpe.

13         MR. COLON:  Good afternoon, Your Honor.  Raymond

14   Colon on behalf of James Hudson.

15         MR. RICH:  Good afternoon, Your Honor.  Walter Rich

16   from Kaminsky & Rich for the defendant Frederick Brenyan.

17         THE COURT: Welcome everyone.  You can be seated if

18   you're not addressing the court.

19         We're here to figure out what's left in this case

20   and to that end I had asked the parties to send me letters.  I

21   got letters from two parties, the plaintiffs and the

22   Supervisory defendants.  So maybe we should just try to go

23   through what's left starting with the claims against the

24   individual defendants.

25         First, with respect to Mr. Thorpe, is there anything

3

1   new on that?

2          MS. DOLAN:  Your Honor, as I think we indicated in

3   our letter, there is a monetary settlement offer that Ms.

4   Smith is considering.

5          THE COURT: I thought that in the last three weeks

6   something might have happened since the letter but maybe not.

7          MS. DOLAN: No, nothing has happened.  We're waiting

8   for the state to send us language concerning the settlement so

9   that our client can consider the terms.

10         MALE VOICE:  It's my understanding we've reached

11  agreement on an number and we're talking about the language in

12  the stipulation of settlement.

13         THE COURT: So it looks like that's going to take

14  care of itself.

15         Next is Brenyan.  It sounds like we have a trial

16  happening next in that.  So that means I should set a due date

17  for you to give Judge Duffy his pretrial order materials which

18  are set out pretty explicitly in his individual practices.  I

19  guess there's interim dates for plaintiffs' supply materials

20  to the other side.  Did someone propose dates?  Let's see.

21  Plaintiffs will supply materials to defendants 90 days after

22  the issuance of a scheduling order, scheduling order meaning

23  the order telling you to supply it?

24         MS. LEWIS:  Correct.

25         THE COURT: Okay.  So you want to do that 90 days

4

1  from now.

2          MS. LEWIS: Yes, Your Honor.

3          THE COURT: So your material is due to defendants

4  March 20.  Then how much time are you getting?  I'm sorry, Mr.

5  Brenyan's lawyer.

6          MR. RICH: Judge, I don't have -- I think it was 30

7  days.

8          THE COURT: Thirty days, okay.  So that's April 20,

9  and then 30 days for the final?

10          MS. LEWIS: Yes, Your Honor.

11          THE COURT: May 18.  So I'm just going to put May 18th

12  for the due date and if I do anything written out of this

13  conference you'll know the interim dates.

14          MS. LEWIS: That's fine.

15          THE COURT: So your responsibility is to submit

16  whatever he needs by May 18th.  I think that takes care of

17  Brenyan.

18          So now for Mr. Hudson --

19          MR. COLON: Yes, Judge.

20          MS. LEWIS: Can I just interject for one moment --

21          THE COURT: Sure.

22          MS. LEWIS:  -- if I may.  We had also indicated that

23  while we're proceeding along those lines and along those dates

24  that in the meantime we would like to raise with Supervisory

25  defendants yet again their decision on indemnification.  What

5

1    would we propose, Your Honor, is that we write to them with a

2    copy to the court of why we would ask that they reconsider

3    their decision and that they reconsider it now.  They had

4    indicated at some point that they might reconsider it but they

5    wanted resolution of the outstanding new criminal case against

6    Mr. Brenyan.  We'd like to ask them to reconsider that now

7    before even more time, money and effort is expended on this

8    although we will commit to those dates that Your Honor just

9    set, and that they would reply with a copy to the court and

10   then if we believed that the court's assistance would be

11   helpful at that time that we contact the court.

12          THE COURT: I'd just so I can understand the legal

13   framework for whatever it is that's going on here, what's --

14   what leverage does anyone have over anyone else in this?

15          MS. LEWIS: At this juncture one could argue the

16   state has taken the position as Your Honor is well aware that

17   it's their decision on indemnification consistent with Public

18   Officer Law 17 and that that is a pretty -- I don't know how

19   to put it -- secret decision that they then relayed to us the

20   ultimate conclusion which in this case was that they would not

21   indemnify Mr. Brenyan, Mr. Rich's client.

22          We think that that doesn't make a whole lot of sense

23   for a bunch of different reasons but -- the reason --

24          THE COURT: I don't think you follow my question.

25          MS. LEWIS: So leverage is perhaps not there and

6

1  perhaps it is there.  We don't really believe it's in the

2  state's interest to allow a trial to go forward in this case

3  at this juncture, that it's not really in their interest and

4  we also don't know whether --

5          THE COURT: I think the answer is there's zero

6  leverage.

7          MS. LEWIS: That may be.

8          THE COURT: Maybe your client can sue the states

9  seeking indemnification; is that --

10         MR. RICH: Judge, the present position that it's in

11 is that if they don't want to do -- to offer indemnification

12 at this particular time they don't have to.  It's not right

13 for me to even determine whether they have to indemnify my

14 client or not.

15         THE COURT: I don't know, maybe there's a legal claim

16 under that law to seek indemnification to get --

17         MR. RICH: There is.  There is.  There is but it's

18 either by way of a settlement which they would have to

19 participate in.  I can't settle it on his behalf because he

20 can't pay it.  So if there's going to be indemnification it

21 would have to be something the state would have to participate

22 in.  If there's a verdict against him and a judgment against

23 him after trial at that particular time the issue would

24 probably be ripe for perhaps a declaratory judgment action

25 that they should indemnify him although their position is that

1   if there is a judgment against him it will be as a result of

2   actions that he took which were not within the scope of his

3   employment and therefore they do not have to indemnify him.

4            There are some other peripheral issues involved

5   that -- but I don't believe that they're ripe for a deter -- a

6   legal determination right now unfortunately.

7            THE COURT: I'm surprised.  I mean I'm surprised at

8   two things.  One is that you couldn't settle the case for any

9   reasonable number and seek indemnification even if you

10  couldn't pay it.  Maybe he doesn't want to do that but another

11  option is to get a judgment against him which he also can't

12  pay.  So I guess I would find it very surprising that the law

13  required you to proceed to trial if you could obtain a

14  favorable settlement.  Do you understand what I'm telling you?

15           MR. RICH: Yes, Judge, I understand what you're

16  telling me.

17           THE COURT: Again, I'm not making any representations

18  on what the --

19           MR. RICH: I mean I -- and it's something that --

20           THE COURT: Sir, if you could just let me finish

21  because if we transcribe this the court reporter can't take

22  down two people talking at once.

23           I'm not making any representations as to what the

24  law is.  I'm just saying that as a logical matter I can't

25  understand why that would be the rule and I guess I would hope

8

1   that you would look into this rather than taking this to trial

2   if you were being offered a settlement that was more favorable

3   than which you expected from a jury verdict.  That's one issue

4   that comes to mind, and now I'm having trouble remembering the

5   second issue.  So why don't you respond to whatever it is you

6   were saying before.

7          MR. RICH: Judge, I don't believe I was being offered

8   a settlement that was reasonable.

9          THE COURT: Well, that's a different issue but that

10  wasn't what you told me.  What you told me was that you

11  couldn't offer to settle because you didn't have money to pay

12  it and that's what I was questioning.  I suggest that you be

13  very sure on that.

14         The second issue I now remember which is I guess I

15  would be surprised that you couldn't obtain a declaratory

16  judgment on that question even in advance of a settlement or

17  judgment.  It seems like it meets all of the criteria for a

18  declaratory judgment.  I assume that the obligation to

19  indemnify includes the obligation to pay attorney's fees.

20  They are paying your attorney's fees now.

21         MR. RICH: They are paying my fees.

22         THE COURT: Okay.  Well, then I could see it might be

23  an issue.

24         But turning to Ms. Lewis, I don't know that it helps

25  to have me copied on anything.  If there's no leverage over

9

1    the state whatsoever that anyone thinks they have at this

2    point.  So I'm happy to get involved if the parties want me to

3    get involved but I don't think getting cc'd on letters is

4    effective.  So I'm asking the parties not to do that.

5            The due date for the pretrial order materials

6    remains May 18th.  I'm happy to get involved if the parties

7    want me to get involved but they sort of need to all get me

8    involved.  I don't see any utility in forcing people to

9    settlement conferences with no interest in settlement.

10           So turning to Mr. Hudson.

11           MR. HUDSON: Yes, Your Honor.

12           THE COURT: Let me go to Ms. Lewis first.  It seems

13   to me that you want a damages inquest.  We've gotten a

14   default, an entry of default.  You already got that from Judge

15   Duffy; right?

16           MS. LEWIS: Yes, Your Honor, but you may want to let

17   me interject with what's going on; you may not.  We have been

18   told by counsel for Shantelle Smith in the Court of Claims

19   that the Attorney General in that case offered an amount of

20   money to cover the Court of Claims case but also to dismiss

21   her -- we don't even know.  Her injunctive claims in Amador

22   and possibly her damages claims involving Mr. Hudson we

23   don't -- in this case that you're talking about we don't

24   actually know because we've seen no documentation and we've

25   been told nothing by the Attorney General in this matter.

1    Yesterday we contacted the Attorney General to ask

2 if this was true that there had been some representation made

3 in the Court of Claims without contacting us that would have

4 some implications for Amador and for the claims against Mr.

5 Hudson.  We were told by Mr. Schulze that it did have an

6 implication on Amador, the injunctive claims.  He did not

7 mention Mr. Hudson in that phone call so we're not sure about

8 that part.  We have a lot of concerns about that that I'd like

9 to lay out but I don't know if you want me to do that right

10 now.  We have concerns about --

11    THE COURT: Unless you're seeking relief from me I'm

12 not sure what you want me to do about it.

13    MR. SCHULZE:  May I speak, Your Honor?

14    THE COURT: Yes, sure.

15    MR. SCHULZE:  From what I was told by our attorney

16 [inaudible] claims is that the plaintiff has accepted the

17 settlement that includes dismissal of all the federal claims.

18    THE COURT: Okay.  Well, how is that going to get

19 manifested in this case?  Is there going to be a stipulation

20 and order of dismissal signed by Ms. Lewis?

21    MR. SCHULZE:  I don't know if signed by Ms. Lewis.

22 Signed by an attorney for --

23    THE COURT: Who's going to file a notice of

24 appearance in this case?

25    MR. SCHULZE:  I don't know exactly how they're going

11

1    to do it, Your Honor.

2          THE COURT: Somehow or another there has to be a

3    stipulation it seems to me filed in this case dismissing her

4    claims.

5          MR. SCHULZE:  I agree.

6          THE COURT: So you're telling me you think that's

7    going to happen.

8          MR. SCHULZE:  Yes.

9          THE COURT: Well, Ms. Lewis, I'm happy to give you a

10   deadline for presenting your damages material to Judge Duffy

11   but maybe we should make it a long deadline just in case

12   something happens in the meantime that disposes of the claims.

13         MS. LEWIS: With respect to the deadline to Judge

14   Duffy, I think that makes sense.  With respect to what you

15   were just talking about with Mr. Schulze, we think that a

16   voluntary dismissal not only of a damages claim but of

17   potentially punitive class relief is an issue that this court

18   has to take seriously as to the implications of the state

19   offering money damages to cover not only damages claims but

20   injunctive relief on behalf of a class, and whether it's

21   really in the state's interest --

22         THE COURT: Wait, wait, wait. On behalf of a class?

23         MS. LEWIS:  -- to be offering money -- that's what

24   they've asked her to drop, not just the damages claims against

25   Mr. Hudson as we understand.

12

1          THE COURT: That's not what I heard.  Drop her

2    federal claims, whatever they are.

3          MS. LEWIS: Well, her federal claims which include

4    her seeking relief.

5          THE COURT: But there's no class certified.

6          MS. LEWIS: Well, she was a representative plaintiff

7    when the original class certification motion was filed I

8    believe and she had full intention given the Second Circuit's

9    decision of again being a class representative seeking class

10   certification.

11         THE COURT: She's not obligated to do that if she

12   doesn't want to.

13         MS. LEWIS: She's not obligated but nor is the state

14   obligated to offer money to buy someone off from seeking that

15   kind of relief.

16         THE COURT: Well, she -- I don't think I have any

17   role.  If you want to make -- whatever this motion is, I don't

18   what it is.  I'm waiving the premotion conference requirement.

19   I don't see the role.  She's free to make her own decisions

20   about what she wants to do.

21         MS. LEWIS: I guess the only thing that I could have

22   thought was that Your Honor might be interested in hearing

23   from the state why they thought that it was in the state's

24   interest to take that kind of role in a case that's been

25   pending for eight years and where a class certification is at

13

1  issue.

2        THE COURT: We have a 13th amendment.  This plaintiff

3  is entitled to make her decisions about whether she wants to

4  proceed with -- in the absence of a class cert -- if there's a

5  class certified I would have a different view about this but

6  in the absence of a class certification order she's entitled

7  to drop out of the suit any time she wants.  How could I stop

8  her from doing that?

9        MS. LEWIS: I don't know that you can which is why I

10  simply said that perhaps an inquiry as to whether that -- what

11  the interests of the state in doing it was something that

12  might be worth pursuing.  I don't know that you can stop it.

13  I don't know as an attorney that if it's in her decision --

14  it's her decision to make it but the state is offering money

15  to -- not to cover damages claims but to cover -- to make this

16  case after eight years after the Second Circuit's decision

17  going away and there is some case law that --

18        THE COURT: Well, it's not making this case go away.

19  She's going to be removed as a plaintiff.

20        MS. LEWIS: Right.

21        THE COURT: Right.

22        MS. LEWIS: One of the three that the Second Circuit

23  ruled upon.  That's our concern.

24        THE COURT: Well, I mean it seems to me that you can

25  bring in other -- you can move to add other individuals.

14

1          MS. LEWIS: Right.

2          THE COURT: I gather you're planning to.  You have

3    other people remaining.

4          MS. LEWIS: Okay.  We understand that this is not

5    dispositive.  We certainly wanted to bring it to your

6    attention in case this became something that wasn't unique but

7    hopefully it is.

8          THE COURT: Okay.  So I'm going to have the same May

9    18th date for making any motion for damages to Judge Duffy in

10   the event that it doesn't settle as expected.

11         On the issue of negotiation over declaratory

12   injunctive relief, I'm assuming the parties are on track with

13   that.  If anyone wants me to get involved -- if both sides

14   want me to get involved I'm happy to get involved.

15         The motion to amend it sounds like the parties have

16   agreed on a schedule.  I think that should be returnable

17   before Judge Duffy and if he thinks that he wants to refer it

18   to me obviously he'll do so but I think it makes sense for him

19   to consider that motion.  So the motion you proposed is fine.

20   Do you still want to stick with that, Ms. Lewis?

21         MS. LEWIS: Yes.  The one question that I had about

22   what you just said is that the order of reference to Your

23   Honor was for all non dispositive motions and since this would

24   be non dispositive that's why we had -- we were confused where

25   it should be returned.

1          THE COURT: I'm just worried it's going to get bound

2    up in class certification issues which is going to have to be

3    decided by Judge Duffy.  That's my concern.

4          Is it -- what are the issues going to be?  Is it

5    possible this is going to be unopposed?  If it's merely

6    conforming to the evidence -- it's not merely conforming, the

7    pleading to the evidence?

8          MR. SCHULZE: We oppose it.

9          THE COURT: What's the controversial part?

10         MS. LEWIS: You'd have to ask the defendants that.

11         MR. SCHULZE: Well, until I see it I don't know all

12   of the issues.

13         THE COURT: But I surely recognize, Mr. Schulze, if

14   it's conforming the pleadings to the evidence that wouldn't be

15   a basis for opposition.

16         MR. SCHULZE: Futility, Your Honor, for the reasons

17   set forth in our written motion to dismiss, undue delay due to

18   the amount of time that was expended between filing of the

19   first amended complaint and now.

20         THE COURT: Wait, wait, wait.  Those are two

21   different issues.  What's the futility argument?

22         MR. SCHULZE: All the grounds set forth in the motion

23   to dismiss which Judge Duffy did not reach the merits of

24   because he dismissed it on grounds of futility.

25         THE COURT: See this is why I'm worried about me

16

1   getting involved in this, the futility argument.  So let's

2   give it to Judge Duffy.

3           MS. LEWIS: Yes, Your Honor.

4           THE COURT: Then we have the class certification

5   motion and I think before we get to that or maybe at the same

6   time I need an explanation of what discovery is being sought.

7   I've got the impression what's being sought in relation to the

8   class certification motion but maybe I'm wrong.  Is it being

9   sought for anything other than the class certification motion?

10          MS. LEWIS: No, it would be in support of the class

11  certification motion, Your Honor.

12          THE COURT: So tell me why you get discovery when

13  discovery closed these many months ago?

14          MS. LEWIS: Well, a couple of things if I may.  First

15  of all, I don't think discovery closed with respect to the

16  class claims.  In fact, way back when we were denied discovery

17  concerning the class claims if Your Honor recalls.

18          THE COURT: I think the way I -- right.  What I said

19  was you're proceeding on behalf of the plaintiffs, seek

20  whatever discovery you want.  They opposed class discovery.

21  So now you want the class discovery.

22          MS. LEWIS: We want targeted discovery -- we haven't

23  made a request yet.  So it's been in the abstract but Your

24  Honor asked us to advise the court of what the issues might be

25  in the next several months and so that was an issue that may

1  be ripe for decision.  We think that --

2        THE COURT: I think if you're seeking class discovery

3  -- divide this into two pieces.  Discovery necessary to

4  prepare a motion for class certification and discovery on

5  behalf of the class.

6        MS. LEWIS: The first, Your Honor.

7        THE COURT: It's the first one, okay.

8        MS. LEWIS: Yes.

9        THE COURT: I don't think I ever limited discovery on

10  that.

11        MS. LEWIS: Well, we never sought it because given

12  the original scheduling order that was in place in this case

13  we filed our motion for class certification, the original

14  motion before any discovery was taken.  That was before the

15  Miles case was decided by the Second Circuit and before

16  Walmart was decided by the Supreme Court which made clear that

17  we need to "prove" the allegations in a class certification

18  motion.  We need to provide factual evidence in support of

19  typicality, commonality, numerosity, that the allegations --

20  just making allegations would not be sufficient.  If you were

21  to look back at our original class papers we in fact said that

22  we were relying on the allegations, that that would be

23  sufficient as we understood class certification law.

24        As it's been clarified by the Second Circuit and the

25  Supreme Court, we think that the class needs to put forward

18

1   the full picture so that the court can make a fair decision on

2   class certification.  We may not need much discovery in light

3   of what was taken.  We haven't yet determined whether we do

4   need discovery.  There were some areas where none was provided

5   where we may be asking for non -- what we believe is non

6   burdensome discovery.  We don't think that there -- we would

7   hope there wouldn't be a dispute on that assuming that Your

8   Honor says that we are entitled if needed to some discovery

9   before we request class certification.  That has been

10   recognized even before Miles and Walmart, that it's within the

11   discretion of the court to grant discovery as needed to make a

12   class certification motion.

13         So, for example, if there are numbers that the

14   department could easily provide us about the number of

15   complaints from woman's prisons, the number of complaints that

16   are substantiated, the number that the Bureau of Labor

17   Relations -- those kinds of things.  That's all.

18         THE COURT: Before we get into that, let me just hear

19   conceptually from Mr. Schulze on his view of the availability

20   of discovery on class certification.

21         MR. SCHULZE: Well, first, Your Honor, my

22   understanding we currently do not have a class certification

23   motion pending.

24         THE COURT: Right.  We're talking about discovery to

25   make -- let's just make this very clear because it just got

1  confused when it was first brought up. I agree that the state

2  opposed and I granted the motion to limit discovery in this

3  case to the claims to the individual plaintiffs which was

4  certainly wide-ranging but not on behalf of the class.

5       What's being sought now is not that discovery.

6  What's being sought now is discovery on numerosity,

7  typicality, commonality.  So that's all we're talking about.

8  So give me your views on that.

9       MR. SCHULZE: Yes, Your Honor.  I propose that that

10  should wait until we're actually ready to file the class

11  certification motion which would mean in this context after

12  leave to amend has been granted and only if leave to amend has

13  been granted.  Absent that there will be no class

14  certification motion.

15       THE COURT: Why would there be no class certification

16  motion absent a grant to leave to amend?

17       MR. SCHULZE: Because then the case will be over.

18       THE COURT: There's an existing complaint.

19       MR. SCHULZE: Well, the existing complaint is -- then

20  we go to class certification I presume on the one remaining

21  claim.

22       THE COURT: Right.

23       MR. SCHULZE: It would be a very different motion

24  with very different needs in that context.

25       THE COURT: Well, I don't mind and perhaps the

1  plaintiffs don't mind doing the motion to amend before we do

2  any motion for class certification.  The question is whether

3  we really want to put off discovery until after the motion to

4  amend is decided.  Maybe the plaintiffs don't care.  I don't

5  know.  Do you care?

6          MS. LEWIS: I think, Your Honor, we do -- we may

7  care.  We haven't yet filed a motion for discovery and I don't

8  know whether we will care but it may end up -- it's not being

9  fully submitted until May.  We may -- I don't know how quickly

10  it will be decided.  There's no way of knowing and we may

11  think that some targeted discovery is appropriate.

12          We also don't agree with Mr. Schultze's

13  characterization that if the motion to amend and intervene is

14  denied that we would not seek class certifications.  It's our

15  understanding what the Second Circuit did, and others may

16  disagree, but that the claims of those three women now

17  probably down to two but down to two, not down to zero, under

18  the relation backed doctrine that they could seek class

19  certification.  Whether or not they are going to be deemed

20  adequate plaintiffs is something the court will ultimately

21  decide if there are no intervenors allowed but we believe that

22  they would have the right to seek class certification.

23          THE COURT: Well, either way there's going to be a

24  class certification motion --

25          MS. LEWIS: Correct.

1          THE COURT: -- either for these two or for whoever is

2    in the amended complaint.

3          MS. LEWIS: Correct.

4          THE COURT: So the only reason not to do discovery

5    now is if you think it's going to be different kinds of

6    discovery depending upon which is involved.  Do you think it's

7    going to be different kind of discovery?

8          MS. LEWIS: No.  I think that after the motion to

9    amend and intervene is decided should we be allowed to

10   intervene some new plaintiffs that we may ask some specific

11   discovery pertaining to them that we wouldn't ask for now but

12   apart from that it would be the same targeted discovery on

13   numerosity, typicality and commonality.

14         Again, this is a bit abstract since there's no

15   discovery request.

16         THE COURT: What I want to do is if this case --

17   since this case was filed babies have been conceived, born or

18   in the second or third grade --

19         MS. LEWIS: Yes, believe me.

20         THE COURT: -- at this point.  So I would like to

21   have some sense that there could be an end to it.  Now we're

22   positing a period of five months before a motion to amend is

23   briefed and an unknown period after that before it's decided.

24   So we're sitting on potentially a year with nothing happening

25   on the discovery front which bothers me.

22

1          So what I would like to do is for the plaintiffs to

2    articulate what discovery they're seeking under either theory,

3    whether it's the existing complaint or the amended complaint.

4    I'm not going to make the defendants answer the ones under the

5    amended complaint if it's different but if it's all coming

6    under the existing complaint let's just do it.  Let's get this

7    discovery done and assuming it's allowed or at least get the

8    requests out there and then we'll have a discussion about

9    whether it should be allowed or not.

10          So when could you put together the requests on the

11   plaintiffs' side?  A listing of what it is you're seeking,

12   whether it's depositions or documents or interrogatories. Or

13   information.  However you want to put it.

14          MS. LEWIS: Sometime in January.  I would say the end

15   of January ideally but --

16          THE COURT: Okay. January 31st.

17          MS. LEWIS: Thank you, Your Honor.

18          THE COURT: Then, Mr. Schulze, when you get that you

19   will either say fine, I'll do it, or you will discuss with Ms.

20   Lewis and if you can't reach agreement come to me.  Okay?

21          MR. SCHULZE: Fine, Your Honor.

22          THE COURT: Then I guess we're waiting on the class

23   certification motion.  Mr. Schulze, you're not complaining

24   about this either until after the decision on the motion to

25   amend so you know who's involved?

23

1          MR. SCHULZE: Yes, Your Honor.  I expect Judge Duffy

2   could certainly order something else.

3          THE COURT: That's -- you're fine with that too?

4          MS. LEWIS: Yes, Your Honor.

5          THE COURT: So here's where I think we've ended up.

6   Pretrial order on the Brenyan case due May 18th; any submission

7   on damages with respect to Judge Hudson -- to Hudson to Judge

8   Duffy also by May 18th; motion to amend, we've got the schedule

9   already existing.  So that's going to be returnable in the

10  first instance before Judge Duffy.  Defendant -- plaintiff to

11  make any discovery requests by January 31st and then defendants

12  to respond.  These are discovery requests solely with respect

13  to Rule 23 criteria.  And the class certification motion will

14  be -- not be due until after disposition of the motion to

15  amend.

16          That's it from my end.  Ms. Lewis, anything else we

17  should be doing?

18          MS. LEWIS: No, that's it.  Thank you, Your Honor.

19          THE COURT: Mr. Schulze, anything?

20          MR. SCHULZE: No, Your Honor.

21          THE COURT: Mr. Colon, anything?

22          MR. COLON: No, Your Honor.

23          THE COURT: Ms. Dolan, anything?

24          MS. DOLAN: No, Your Honor.  Thank you.

25          THE COURT: And you're Mr. --

24

1          MR. RICH: Rich.

2          THE COURT: Anything else?

3          MR. RICH: No, Your Honor.

4          THE COURT: Thank you everybody.

5                    *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

25

1       I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                                    _____

6                                            Shari Riemer

7   Dated:   December 27, 2011

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25