```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   AMADOR, et al.,                     :
                                         :   03-CV-650 (KTD)
 5                   Plaintiffs,         :
                                         :
 6            v.                         :
                                         :   500 Pearl Street
 7   ANDREWS, et al.,                    :   New York, New York
                                         :
 8                   Defendants.    :   April 2, 2015
     ------------------------------------X
 9
               TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
10           BEFORE THE HONORABLE GABRIEL W. GORENSTEIN
                    UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:        TERRA GEARHART-SERNA, ESQ.
13                             Debevoise & Plimpton
                               919 Third Avenue
14                             New York, New York  10022

15                             DORI LEWIS, ESQ.
                               VERONICA VELA, ESQ.
16                             The Legal Aid Society
                               Prisoners' Rights Project
17                             15 Park Row, 23rd Floor
                               New York, New York  10038
18
     For Defendants:           DANIEL A. SCHULZE, ESQ.
19                             Attorney General of the State of NY
                               120 Broadway
20                             New York, New York 10271

21
     For Defendant/Brenyan:    WALTER RICH, ESQ.
22                             Kaminsky & Rich
                               399 Knollwood Road
23                             White Plains, New York 10603

24
     Court Transcriber:        SHARI RIEMER, CET-805
25                             TypeWrite Word Processing Service
                               211 N. Milton Road
                               Saratoga Springs, New York  12866

     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
```

1          THE CLERK: <u>Amador v. Andrews</u>, Case No. 03-CV-650.

2          Counsel, please give your appearances.

3          MS. GEARHART-SERNA:  Yes.  I'm Terra Gearhart-Serna

4   from DeBevoise & Plimpton and I'm here as counsel for the

5   plaintiff Stephanie Dawson.

6          MS. LEWIS:  Dori Lewis from the Legal Aid Society

7   for plaintiff.

8          MS. VELA: Veronica Vela from the Legal Aid Society

9   for plaintiff.

10          MR. SCHULZE: Daniel Schulze for the supervisory

11   defendants, New York Attorney's General Office, and with me is

12   Barbara Mannix and Richard Brewster also from the New York

13   Attorney General's Office.

14          MR. RICH:  And Walter Rich for the line officer

15   defendant Frederick Brenyah.

16          THE COURT: Welcome everyone.  You can be seated if

17   you're not speaking.

18          We're here based upon a letter dated March 20th from

19   the plaintiffs.  There was a responsive letter of the same

20   date from the defendants and a reply dated March 23rd.

21          Let me tell -- give a vision of the case.  I'm not

22   necessarily saying it's correct.  I don't want to be quoted as

23   saying this is the way I think it is but let me say what's in

24   my mind right now and then I'm going to tell people whether I

25   got it wrong or not.

3

1          What's in my mind now is that when discovery started

2    in this case it was obviously not a class and it's still not a

3    class and I said at that time when the defendants -- the

4    defendants resisted discovery that would have been appropriate

5    for a class and I said at that time that the plaintiffs need

6    some discovery for injunctive relief that relates to policies

7    and practices and things that one might normally get as part

8    of a post class certification discovery process but that I was

9    not giving them class discovery as if there was a class, and

10   that was at the defendant's insistence or request.

11          So we went down a path where they took all the

12   individual discovery as to individual plaintiffs and they took

13   discovery on injunctive relief for those individual

14   plaintiffs.  That discovery included to some degree, and maybe

15   that's something we can talk about, included to some degree

16   discovery that otherwise would have been appropriate had there

17   been a class certified.  For example, about policies and

18   procedures and how inmates are treated generally on the theory

19   once again that this was appropriate discovery even if a class

20   was never certified just for the purposes of these individuals

21   obtaining injunctive relief.  I think that ruling came early

22   on in the case.

23          Then I think it was clear at the time, and if it

24   wasn't clear at the time it was clear in an order from 2011 I

25   said obviously they can take discovery on what I will call the

4

1   issue of class certification.  In other words, the Rule 23

2   requirements, typicality, commonality, numerosity.  That was

3   always open to them.

4        And my vision of the case was that at some point

5   there would be a class certification motion and if that motion

6   was granted we would finish out whatever remaining discovery

7   was necessary on a class-wide basis.  In other words, the

8   discovery that the defendants had resisted on the theory that

9   it was only appropriate if a class was certified and was not

10  already been given as part of the kind of injunctive relief

11  discovery that had taken place.

12       In fact, on December 20, 2011 I issued an order that

13  I think said as much or close to that that said that --

14  apparently there were still some issues about numerosity,

15  typicality and so forth and I said well, if you've got any

16  requests of that kind make them by January 31, 2012, three

17  years ago.  This is from a December 20, 2011 order.  And I

18  said we'll have a motion for class certification once that

19  motion to amend is disposed of.

20       So having said all that, where I think we are now --

21  I'm going to give a chance for people to tell me if I've

22  gotten this wrong.  Where I think we are now is we're

23  following my vision, and I don't know that my vision is to be

24  followed.  Judge Duffy may have another vision and you'll find

25  that out from him in a couple of weeks.  If my vision is to be

5

1    followed there's going to be a decision either that there is

2    no class or if a class was previously denied or in the future

3    maybe that there will be a class and if for some reason that

4    there is a decision that there is to be no class then

5    discovery is over.  If for some reason there's a decision that

6    there is to be a class and it is hereby being certified, if

7    that happens in the future, then under what I said earlier the

8    plaintiffs would be entitled to that class certification

9    discovery before there was a trial.

10         So that's the vision in my head.  I was confused by

11   plaintiff's letter because it seemed to conflate the issue I

12   call the Rule 23 class certification discovery with merits,

13   class wide merits discovery.  They had a sentence there "Your

14   Honor gave permission to plaintiff to seek discovery for a

15   renewed motion for class certification."  That's ambiguous

16   because what I said, and if I don't know if the reference is

17   to that order from 2011, what I said was that apparently there

18   was some need at that point that late in the game for some

19   Rule 23 elements discovery and I allowed that that would

20   happen.  I can't believe that's still ongoing three years

21   later.  That makes no sense to me.

22         So as far as I'm concerned that's got to be over and

23   all that's left that the plaintiffs are talking about are what

24   I call class merits discovery.  So that's my vision and let me

25   talk -- return to each side starting with plaintiffs saying

6

1  whether they think I got something wrong.

2          MS. GEARHART-SERNA: Yes, Your Honor.  I believe that

3  for the most part that is correct up until -- up through your

4  order at the end of 2011.  I can sort of fill in what happened

5  after that and why we're making the request that we are now.

6          So following on Your Honor's order in our statement

7  that we would in fact be seeking discovery that related to

8  class, the issue of class certification as you put it, we

9  served supervisor defendants with requests for admission.

10 That was in an attempt to make things as narrow as possible

11 because we wouldn't seek documents where our requests were

12 indeed admitted.

13          That sort of attempt to narrow and get a lot of the

14 discovery out of the way didn't really work in that

15 supervisory defendants essentially denied often in somewhat

16 roundabout ways a lot of our requests for admission and we had

17 made --

18          THE COURT: These are requests that were served prior

19 to January 31, 2012?

20          MS. GEARHART-SERNA: Yes.  Yes, Your Honor.

21          THE COURT: Go ahead.

22          MS. GEARHART-SERNA: And so what we had said at the

23 time was that where requests for admission were denied we were

24 entitled to receive documents, and there was an appended third

25 request for documents, upon which supervisory defendants were

7

1  relying in that denial.

2          We had some back and forth with supervisory

3  defendants about that and ended up at the --

4          THE COURT: As you tell the story would you give

5  dates?  Is this all happening in 2012?

6          MS. GEARHART-SERNA: Yes.  I'm sorry, Your Honor.  So

7  in 2012 we signed -- we send the request for admission.  We

8  received the responses -- I'm sorry.  Dori, do you know when

9  the responses were?

10          MS. LEWIS: 2013.

11          MS. GEARHART-SERNA: 2013, I believe we get some

12  production in spring 2013.  I apologize, Your Honor, that I

13  don't have a date.

14          THE COURT: You're telling me that it took a year and

15  a half to have your discovery requests responded to?

16          MS. GEARHART-SERNA: I believe the last bit of

17  production on the -- that we had received on the third request

18  was in spring 2013.  I don't have a specific date.

19          THE COURT: And these requests related to the Rule 23

20  factors?

21          MS. GEARHART-SERNA: Yes.  Yes, Your Honor.

22  Specifically typicality, commonality is what we were aiming

23  at.  We had, as I had said before, a bit of back and forth

24  with supervisory defendants.  They didn't produce responsive

25  to all of our requests and claimed that they were overly

8

1   burdensome and so we ended up taking the tack of asking for a

2   much narrowed set of documents.  That was in a letter in

3   September 2013.  We said let us get these narrowed -- these

4   narrowed categories of documents, that should be very easy,

5   non burdensome and then the idea was that we would return to

6   the larger questions of outstanding document production once

7   the pending motions were resolved and --

8           THE COURT: Outstanding document production again as

9   to the Rule 23 elements?

10          MS. GEARHART-SERNA: Yes.  We did not come to Your

11  Honor at that point because we still had -- at that point I

12  believe we had two intervention motions and the defendant's

13  motion to dismiss pending.  After that we had two more

14  intervention motions.  So at that point we thought it made

15  sense to wait until we knew who our proposed class

16  representatives were and had all the pending motions out of

17  the way and then come back to Your Honor on class

18  certification disputes.

19          If I could just -- sorry.

20          THE COURT: The requests that you -- annexed to your

21  letter, you think those are on the Rule 23 elements, not on

22  class wide discovery?

23          MS. GEARHART-SERNA: Yes, Your Honor.  And if I can

24  just elaborate a little bit on that.  The reason for that

25  is -- and I was actually just re-reading Walmart v. Dukes this

9

1    morning.  The Walmart case in the Supreme Court does make

2    clear that it is actually understandable that a lot of class

3    certification and class merits discovery will indeed overlap.

4    The one issue that we would say probably we don't need for

5    class certification would be subjective knowledge of the risk

6    of sexual abuse.  That is a merits issue under Farmer v.

7    Brennan.  However, it's very difficult to separate out what

8    the discovery is on subjective intent versus commonality,

9    typicality.  So in reality there really is a very substantial

10   overlap between merits and class certification discovery.

11           THE COURT: I just -- it just boggles the mind.  I

12   mean this was my fault perhaps for trusting you.  It boggles

13   the mind that the parties would think it appropriate to take

14   three years to do class -- Rule 23 class elements discovery.

15   I can't wrap my mind around that right now.

16           So it sounds like your answer is my vision is

17   correct except that your view was this class Rule 23 discovery

18   could take three years if necessary and it's still -- you

19   still haven't gotten what you need on it.

20           MS. GEARHART-SERNA: That's correct, Your Honor, and

21   that we haven't -- we don't believe we've gotten what we

22   needed and I've -- it may be maybe in Your Honor's view that

23   we made the wrong choice in not coming to you in spring 2013

24   when we had these disputes with the defendant over what we

25   should get.  I mean our thinking at the time was we did have

1  these intervention motions pending and we thought it made

2  sense to get those motions, motions to dismiss and

3  intervention motions decided first and then come back and

4  figure out -- iron out these disputes before Your Honor.  That

5  was our vision of the timing that we thought made sense.

6            THE COURT: Mr. Schulze, same question.

7            MR. SCHULZE: Yes, Your Honor.  I have to say I take

8  issue with almost everything I just heard plaintiff --

9            THE COURT: Well, the question is not what they said.

10  The question is did I get it wrong.  That's the first question

11  and then if you want to respond --

12            MR. SCHULZE: In regard to what you said, Your Honor,

13  the only thing that I would correct is that to our

14  understanding the parties don't have a dispute.  If the

15  parties do have a dispute about this there's a pending class

16  certification motion now and I've told plaintiff's counsel if

17  they want to say there isn't one [inaudible] they filed in

18  which case Judge Duffy will decide what to do about the class

19  certification motion but he could very well rule on the motion

20  they filed in 2003 as we stand now.

21            The second --

22            THE COURT: I don't think I took a position onto

23  whether one was pending but okay, I understand.  What else did

24  I get wrong?

25            MR. SCHULZE: I don't think I would correct anything

11

1    else you said, Your Honor.

2              THE COURT: Okay.  Now, go ahead.  You can respond.

3              MR. SCHULZE: We have actually produced everything

4    the plaintiffs asked for in terms of documents.  We reached

5    agreement on the production of documents.  There was a

6    compromise that we discussed after they served their

7    discovery.  We have letters exchanged saying this is the

8    agreement.  The only pending discovery, and this is reflected

9    in Judge Duffy's ruling, is we table five depositions they had

10   requested with the highest ranking officials at DOCs.  That

11   would be the only discovery outstanding to our mind.

12             THE COURT: The only discovery outstanding on Rule 23

13   elements?

14             MR. SCHULZE: Yes.

15             THE COURT: So you're conceding you agreed to table

16   that?

17             MR. SCHULZE: Yes.

18             THE COURT: So you would agree that they're entitled

19   to those five depositions?

20             MR. SCHULZE: We would need to work out exactly what

21   they're entitled to.  I would say they're entitled to some

22   depositions and not five they noticed.  They noticed, for

23   example, the commissioner.

24             THE COURT: In other words, but the most they're

25   entitled to is the five depositions under your view?

1          MR. SCHULZE: Yes, and I believe indeed that's in

2    Judge Duffy's ruling.  Judge Duffy has taken it upon himself

3    to issue several rulings on discovery in this matter at this

4    point.

5          THE COURT: Well, there may be good reason to have

6    Judge Duffy take this to the finish line.  I'm certainly happy

7    to have him do that.

8          Can you point to me what page you're talking about?

9    I have the memorandum and order from December 11, 2014 in

10   front of me.  If there's some other decision you'll need to

11   give me a copy or read it to me.

12         MR. SCHULZE: Give me a moment, Your Honor.

13         THE COURT: Take your time.

14                   [Pause in proceedings.]

15         MS. GEARHART-SERNA:  Page 14.

16         THE COURT: Of the decision I just mentioned?  Page

17   14 of what?

18         FEMALE VOICE: I apologize, Your Honor.  Of the

19   December 11, 2014 memorandum and order.  The last paragraph on

20   the page.

21         MR. SCHULZE: Would you like me to hand it up, Your

22   Honor?

23         THE COURT: No, I have it.

24                   [Pause in proceedings.]

25         THE COURT: So there's a recognition that some

13

1   discovery for class certification which to my mind is
2   congruent with Rule 23 issues is pending.  I don't know where
3   he got that from.  It must have come up by someone raising
4   that as a defense to the motion or something.
5          MR. SCHULZE: The parties briefed that issue.
6          THE COURT: So now that helps me a little bit but
7   again when I read the letters I assumed that plaintiffs were
8   seeking what I call merits discovery.  So now it sounds like
9   that's not the case and that the dispute is over the Rule 23
10  discovery.
11         MR. SCHULZE: No, Your Honor.  May I --
12         THE COURT: Go ahead.
13         MR. SCHULZE: The letter is actually seeking
14  discovery that they did not request as part of their Rule 23
15  discovery.
16         THE COURT: Okay.  Well, I'm about to get to that.  I
17  don't have the transcript in front of me but I do have my
18  order from December 2011 and I have no doubt that it must have
19  been made clear to the parties that all requests, whatever
20  they were, to be made by the -- by January 31, 2012 and then
21  there were to be dealt with and done with and not sitting out
22  here three years later.
23         Now, if there some agreement by the defendants to
24  say you know what, I'm -- we're going to -- I want to put this
25  off until after some other thing then I'm not -- I don't think

14

1    it would be fair to the plaintiffs to say you didn't do what

2    you had to do by 2012.  So I think I now need to find out

3    exactly what this agreement was which is not really a subject

4    of the briefing of the letters.  I'm not sure we can do it

5    today if it requires reliance on documents.  But certainly

6    there's not going to be any new written discovery requests if

7    they weren't made by January 31, 2012 and if there's some

8    record that the parties after that time said you know what, we

9    recognize here's the most of what we're entitled to and the

10   defendant said fine, let's put that off then I want to be fair

11   if it's not outside the bounds of reason and allow that subset

12   of discovery conceivable to occur but certainly not anything

13   new.

14           So maybe what we need is either letters or something

15   else that's going to sharpen that issue for me because I don't

16   think it's in the letter that was sent to me.

17           MS. GEARHART-SERNA: Your Honor, if I may.  This may

18   provide some clarification.  I actually take issue with the

19   characterization of us having an agreement to limit the

20   requests.  I'm actually looking at what I believe Mr. Schulze

21   is referring to.  We sent them a letter in September, it was

22   September 30, 2013 saying for the moment we will narrow to a

23   certain subset of issues but we said until the pending

24   intervention motions are decided.  So we didn't say there

25   would be no further -- we wouldn't seek to get any of the

1  further class certification material.  We just sought a

2  narrowed band of it until those motions were decided.  It was

3  the motion to dismiss, the motions to intervene.  So I would

4  take issue with the characterization of that as an agreement

5  that that was all we were going to get on class certification.

6         THE COURT: I don't know what to do here because I

7  messed up by trusting you.  I normally put a deadline for

8  discovery.  I always do that.  Something happened on this

9  class certification discovery where I set the deadline for the

10 requests on the assumption that it would then just be taken

11 care of in some reasonable period which to my mind is not

12 three years.  I'm not sure exactly what doctrine.  It's almost

13 latches but that's not a discovery doctrine.

14         I don't know that my failure to put a deadline on

15 that means that I now have to say all right, we're going to

16 start up again on class certification discovery three years

17 later when the parties decide it's about time to do it.

18 Again, we're just talking about Rule 23 elements.  Rule 1

19 provides me some authority here and I think common sense has

20 to provide some authority here that the parties should have

21 known that they couldn't sit around on this for three years

22 without getting judicial permission.

23         I mean, Mr. Schulze, you're the one who wants to

24 limit it.  So you're going to have to come up with the

25 doctrine which I'm feeling in my heart that this is not

1    proper, whether there's a legal doctrine or not and how it

2    should operate in this situation.  I just don't know.

3            MR. SCHULZE: Do you want me to respond?

4            THE COURT: Yes, I guess.  What is the legal doctrine

5    that says they can't get discovery?

6            MR. SCHULZE: We did respond to their discovery.

7            THE COURT: Well, but they say that there's -- you

8    conceded that there was still outstanding discovery and

9    they -- you say oh, it's limited to these depositions and they

10   say no, that's not what it meant.  It meant that that's all it

11   was for the moment.  What do I do?

12           MR. SCHULZE: Well, in that point we had agreement

13   with the plaintiffs.  Part of the problem here is we don't

14   know exactly what we're litigating as we stand here because

15   Judge Duffy did not rule on their motions to intervene until

16   late last year which -- and he denied all those motions but

17   now they filed a motion for reconsideration and he has not

18   ruled on that.

19           If they are going to file a new class certification

20   motion, the motion would be quite different depending on

21   whether they're intervenors or not and in fact I believe if

22   their motion for reconsideration is denied there will be no

23   class certification motion.  Their briefs to Judge Duffy

24   indicate as much in urging [inaudible] intervention.

25           THE COURT: Well, this is a big waste of time if

17

1   you're not planning to move for class certification.  If you

2   get the promise that you're going to get class wide merits

3   discovery, and I'm not a hundred percent guaranteeing I can

4   give it to you, but if you did that get promise can we forego

5   this discovery, forego a class certification motion, have some

6   class wide merits discovery and solve it that way?  If you

7   want to talk to each other feel free.

8          Do you understand the question?

9          MS. GEARHART-SERNA: No, I'm sorry, Your Honor.  I

10   think I lost you somewhere in there but if the class -- if

11   we're not -- if we're relying on the current class

12   certification motion?

13          THE COURT: No.  My theory -- I thought perhaps there

14   was some concern on your part that you weren't going to get

15   class wide merits discovery.  Has that been a concern on your

16   part or you never had that concern?

17          MS. GEARHART-SERNA: No.  I believe our -- I mean I

18   believe Your Honor had made it clear that we would be entitled

19   to class wide merits discovery once class is certified.  So

20   we're not concerned about that.

21          MR. SCHULZE: I'll just note Judge Duffy did in fact

22   say discovery was closed on several occasions.  I'm not saying

23   that Your Honor is incorrect in anything you said but Judge

24   Duffy did say that.

25          MS. GEARHART-SERNA: If I may respond.  I think the

1  only thing that Judge -- that I note that Judge Duffy said was

2  on Page 14 of that decision where he said there is some

3  pending discovery on class certification.  I don't believe he

4  has ever said that discovery is closed.  I don't know why he

5  would say that on class merits.

6          THE COURT: Well, on the other hand, actions speak

7  louder than words.

8          MR. SCHULZE: He said it at the conference.

9          THE COURT: Actions speak louder than words.  If he

10  set this down for a trial then there was some belief on his

11  part there was to be no further discovery.  So I agree that's

12  an implication regardless of whether he actually said it at a

13  conference or not.

14          So my -- the thing I just said to you I'll withdraw

15  and I'm now back to what should happen now.

16          MR. RICH:  Judge, can I be heard for one moment?

17          THE COURT: Sure.

18          MR. RICH: I'm Walter Rich.  I represent the only

19  remaining -- there's only one remaining plaintiff in this

20  matter, Stephanie Dawson.  I represent the officer that she

21  has her individual damages claim against.  I have no dog in

22  the fight between plaintiffs and the Attorney General's Office

23  with respect to the class wide discovery here.

24          One of the things I was -- and I know it's not on

25  Your Honor's agenda for the morning conference.  There's a

19

1  possibility of perhaps settling Ms. Dawson's case.

2         THE COURT: Right.  Unless you're in a rush to get

3  out of here could I ask that we finish on this issue before we

4  deal with your issue?

5         MR. RICH: Okay.  Fine.

6         THE COURT: That would be great.  Thank you.

7         So, Mr. Schulze, I think you need to make your case

8  to me either right now or in writing why they are not entitled

9  to the class wide discovery -- I'm sorry.  The Rule 23

10 elements discovery that they are seeking now.  So if you want

11 to do it orally that's fine.  It may be better to do it in

12 writing but that issue has to be addressed head on.

13        MR. SCHULZE: Well, I'll make a brief statement

14 orally and then I suggest we exchange writings on this.  It is

15 our understanding that we have reached agreement on everything

16 the plaintiffs asked for, the class certification issue.  As

17 part of the condition of us responding to the request for

18 admission they served us over 300.  We limited the number of

19 documents that would be produced and we have writings

20 exchanged memorializing this.

21        What she just read to you should be understood as

22 saying that if their motion to intervene is granted the

23 parties understand there would be more discovery and I don't

24 dispute that.  We don't have any discovery on the new

25 plaintiff's claims at all in this case right now.

1           THE COURT: That's on the consideration [inaudible]?

2           MR. SCHULZE: Yes.

3           THE COURT: Are you going to move for class

4    certification if your motion is denied?

5           MS. GEARHART-SERNA: Your Honor, we haven't had that

6    discussion with our client to date.  It would be a discussion,

7    a further discussion we would need to have with her as to

8    whether we would go forward with only her as plaintiff but we

9    can't make a representation one way or the other at this

10   point.

11          THE COURT: Because if the class -- if this motion is

12   denied and you don't seek class certification then we're

13   spinning our wheels a little bit on the Rule 23 elements

14   discovery although it maybe overlaps with the merits

15   discovery.  Aren't we kind of wasting our time a little bit or

16   there's so much over lap [inaudible]?

17          MS. GEARHART-SERNA: Your Honor, I don't believe that

18   there -- that we're spinning our wheels.  As you say it would

19   go to the merits as well.

20          THE COURT: But there's enough overlap with merits

21   discovery it would be needed anyway?

22          MS. GEARHART-SERNA: Yes.

23          MR. SCHULZE: Your Honor, I said this in my letter

24   response to their letter demanding discovery, I think we may

25   even be able to agree on what's going to be done and what

21

1  doesn't need to be done depending on what Judge Duffy rules in

2  just a couple of weeks.

3          THE COURT: You assume he's going to rule in a couple

4  of weeks.

5          MR. SCHULZE: He's going to make some statements as

6  to how the case is going to proceed.  He may or may not rule

7  on the motion for reconsideration.

8          THE COURT: Well, I think there's certainly some

9  advantage to making sure that Judge Duffy agrees to the vision

10  that I have and that apparently the parties share also on this

11  case.  So perhaps it would be worth waiting until after that

12  conference before we take further action but I feel there are

13  some things we can -- I think we should get going since we

14  know it's going to relate to merits discovery.  I think we

15  should get going on the assumption that the motion -- I guess

16  the motion to -- let's back up.

17          Take the decision -- if the motion to intervene is

18  denied then we need your decision about class certification

19  but the discovery would still be essentially need to be taken

20  anyway because you say it's going to overlap completely

21  whatever you want on the merits plus there may be additional

22  merits.

23          MR. SCHULZE: I don't believe they -- they'll have to

24  speak to it.  I don't believe there would be any additional

25  discovery they would want to take if the only claim left is

1   the damage claim against Walter Rich's client.  I mean that

2   claim relates to events that happened in 2003.  We've had

3   every deposition on that claim.  We've --

4          THE COURT: They're not giving up on class

5   certification occurring even if there's a denial of the motion

6   to intervene.  I just asked that question.

7          MR. SCHULZE: They won't commit one way or the other

8   if I heard --

9          THE COURT: So that's a possibility.

10          MR. SCHULZE: A good possibility, yes.

11          THE COURT: Then if the motion to intervene is

12   granted then there's going to be more likely a class

13   certification motion and -- it seems like we're going to need

14   this discovery no matter what.  So I'm not saying you have to

15   schedule depositions but I think we should start going down

16   the road of figuring out what the disagreements are as to

17   production.

18          MR. SCHULZE: Limited to the requests they made per

19   Your Honor's order?

20          THE COURT: Yes.  And you can -- that same argument

21   is going to be part of this discussion which is is this

22   something that was done by a January 31, 2012, is there good

23   reason to relieve under that deadline.  Did the parties act

24   diligently since then.  That's all part of the next -- did

25   parties make promises.  Did the defendants make promises to

1  forego bringing things to the court's attention in which case

2  that's going to favor the plaintiffs.  There are a lot of

3  things that are going to go into this mix as to what's left

4  for this Rule 23 elements discovery.  Since -- it seems like a

5  good possibility that that may go forward.  I think we should

6  at least start that process and then we'll see if Judge Duffy

7  has the same vision.

8        Sorry that you're being bounced between two judges

9  like this but I don't have a way to solve it.  We'll see if

10 Judge Duffy has the same vision and if he does then it will

11 certainly not have been for naught and if he doesn't it will

12 not have been a big waste of time in the grand scheme of

13 things to go down this road.

14       The request was to have you confer and see what you

15 can start agreeing on so I'd like to go down that road, Mr.

16 Schulze.  I'm not making any orders as to particular items at

17 all.  I need to hear what the parties views are as to all

18 these elements I just mentioned, all these factors that are

19 going to into what is the appropriate discovery now including

20 Rule 1.

21       So I'm not sure there's a lot more to do today.  If

22 people think they want more direction from me this is the time

23 to get it.  Do you think we need to do anything else today?

24       MS. GEARHART-SERNA: No, Your Honor.  I'm just

25 conferring with my colleagues but I believe that's clear that

24

1    we need to meet and confer and start to narrow the issues for

2    Your Honor to decide.

3              THE COURT: Mr. Schulze.

4              MR. SCHULZE: Nothing from me, Your Honor.

5              THE COURT: Thank you everyone.  I'm sorry.  No.  I

6    made a big promise and I totally forgot it.  That was very

7    wrong of me.  Mr. -- it's Gearhart-Serna.  I'm sorry, you're

8    Ms. Gearhart-Serna.  Mr. Rich.  I remember you, Mr. Rich, from

9    12 years ago.

10             MR. RICH: A long time ago, Your Honor.  A good

11   number of years ago Your Honor had started to hold some

12   settlement conferences on --

13             THE COURT: Very unsuccessful ones.

14             MR. RICH: Yes, and one of the issues was to see

15   whether or not the state in order to settle Mr. Brennan's

16   matter would be willing to do some indemnification because he

17   has no assets for which to --

18             THE COURT: I remember this.

19             MR. RICH:  -- pay any kind of a judgment.

20             THE COURT: And they would not make a commitment.

21             MR. RICH: They would not make a commitment.

22             THE COURT: By the way, this is exclusively about

23   settlement?

24             MR. RICH: Yes.

25             THE COURT: I'm going to go off the record.

25

1                          * * * * *

2       I certify that the foregoing is a court transcript from

3    an electronic sound recording of the proceedings in the above-

4    entitled matter.

5

6                          _____

7                              Shari Riemer, CET-805

8    Dated:  April 5, 2015

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25