UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LUCY AMADOR, et al., on behalf of themselves and
all others similarly situated,                                              03 Civ. 0650 (KTD) (GWG)

                               Plaintiffs,            **STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

                      - against -

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION ("DOCCS")
SUPERINTENDENT ANGINELL ANDREWS, et al.,

                               Defendants.
------------------------------------------------------------------ X

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Stephanie Dawson ("Plaintiff") and Defendants as of July 1, 2015:

WHEREAS, fifteen women filed a complaint in this Action ("the Action") on January 28, 2003, in the Southern District of New York, challenging the policies and procedures set by high-ranking officials ("Supervisory Defendants") of the New York State Department of Corrections and Community Supervision ("DOCCS") alleging that these policies and procedures enabled the sexual abuse of women prisoners by male correctional staff;

WHEREAS, Plaintiff was joined in the Action as a plaintiff in the First Amended Complaint filed on October 14, 2003;

WHEREAS, Plaintiff individually sought compensatory and punitive damages in the Action from Defendant C.O. Frederick Brenyah ("Defendant Brenyah"), alleging that he had sexually abused her in violation of her constitutional rights while she was housed at Taconic Correctional Facility;

WHEREAS, Defendant Brenyah answered the Action on October 31, 2003, and denied all Plaintiff's allegations;

WHEREAS, on December 3, 2007, the Court dismissed Plaintiff's claims for injunctive and declaratory relief against the Supervisory Defendants;

WHEREAS, Plaintiff appealed the dismissal of her claims for injunctive and declaratory relief to the Second Circuit, and on August 19, 2011, the Second Circuit issued an opinion remanding the case to the District Court;

WHEREAS, Supervisory Defendants, whether in their individual or official capacities, expressly deny that their challenged policies and procedures are constitutionally deficient;

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the Action, and any and all other disputes that were or could have been the subject of any claim by Plaintiff in the Action, without further litigation or proceedings and without admission of fault or liability, and have negotiated in good faith for that purpose;

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than the Action, she has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

### 1. Dismissal of the Action With Prejudice

This Settlement Stipulation will resolve all of Plaintiff's claims in the above-captioned Action, which is currently pending before the Honorable Kevin T. Duffy in the United States

District Court for the Southern District of New York. The Action and all claims asserted therein by Plaintiff are discontinued with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 below.

### 2.     **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Ten Thousand Dollars ($10,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted by Plaintiff in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action by Plaintiff alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

Since the State of New York, on behalf of Defendants, shall make the payment to Plaintiff in the sum of Ten Thousand Dollars ($10,000), an I.R.S. Form 1099 shall be issued. This payment is in full and complete satisfaction of: 1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim by Plaintiff in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including,

but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiff in the Action; and 2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, or any other claim or action by Plaintiff arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiff in the Action. The foregoing payment shall be made in a single check payable to Stephanie Dawson and mailed to her counsel Terra L. Gearhart-Serna at Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022.

Plaintiff's co-counsel in the Action, The Legal Aid Society and Debevoise & Plimpton LLP, hereby waive any claim to an award of attorneys' fees, costs, and disbursements under 42 U.S.C. § 1988 or otherwise arising out of Plaintiff's claims. The Legal Aid Society's and Debevoise & Plimpton's waiver of attorneys' fees, costs and disbursements may not be referred to as a precedent in any future actions.

### 3. State Approval of Payments

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Settlement Stipulation shall be null, void, and of no further force and effect.

### 4. Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day following receipt of the above-named documents shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to, Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments by Defendants hereunder.

### 5. Liability of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof),

5

and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6. Liability of Plaintiff and Plaintiff's Attorneys for Liens

Plaintiff and Plaintiff's attorneys agree that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the Office of the Attorney General ("OAG") report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG.

Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

### 8. Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the Settlement Amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

### 9. General Release

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, the State of New York, and DOCCS (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their

7

present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever that was or could have been the subject of any claim by Plaintiff in the Action up to and including the date of this Settlement Stipulation, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of her association with any of the Released Parties, including but not limited to, her incarceration in the DOCCS system; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to Plaintiff's incarceration in the DOCCS system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or

8

arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Stipulation that were or could have been the subject of this Action.

### 10. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff represents and warrants that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 11. No Other Attorney

The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiff in the Action. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of

the acts, transactions, occurrences, or omissions asserted or purportedly asserted by Plaintiff in the Action.

### 12. No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 15. Voluntary Agreement

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that she, he or it understands its terms, contents and effect. The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16.     No Admission of Liability

It is understood and agreed that any actions taken or payment made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted by Plaintiff in the Action. Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

### 17.     No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised by Plaintiff, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18.     Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all

prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20. Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21. Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

### 22. Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

THIS SETTLEMENT STIPULATION INCLUDES A RELEASE

OF ALL KNOWN AND UNKNOWN CLAIMS IN ACCORDANCE WITH THE TERMS

STATED HEREIN.

Dated: New York, New York  
_July 1_, 2015

ERIC T. SCHNEIDERMAN  
Attorney General of the State of New York  
Attorney for Supervisory Defendants

By: _____  
Daniel Schulze  
Barbara D. Maddox  
Special Litigation Counsels  
120 Broadway  
New York, New York 10271  
(212) 416-6557 (telephone)

Dated: White Plains, New York  
_July 1_, 2015

KAMINSKY & RICH  
Attorneys for Defendant Frederick Brenyah

By: _____  
Walter Rich  
Kaminsky & Rich  
399 Knollwood Rd., Suite # 220  
White Plains, New York 10603  
(914) 682-8180 (telephone)

13

Dated: New York, New York
July 1, 2015

DEBEVOISE & PLIMPTON LLP,
Attorneys for Plaintiff

By: _____
Maeve O'Connor
Terra L. Gearhart-Serna
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000 (telephone)
(212) 909-6836 (fax)

Dated: New York, New York
July 1, 2015

THE LEGAL AID SOCIETY
PRISONERS' RIGHTS PROJECT
Attorneys for Plaintiff

By: _____
Dori Lewis
Veronica Vela
199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3530 (telephone)

Dated: New York, New York
July 1, 2015

PLAINTIFF

By: _____
Stephanie Dawson

## ACKNOWLEDGEMENT

On the 1 day of July, 2015, before me came Stephanie Dawson, known to me or who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and who acknowledged to me that she executed the same.

_____
Notary Public

MAURENA L. HOLDER
Notary Public, State of New York
No. 01HO5082541
Qualified in Kings County
Certificate Filed in New York County
Commission Expires July 28, 2017

SO ORDERED.

14

Dated: New York, New York
       July 6, 2015

The above-referenced action is dismissed. The clerk is directed to close the case. SO ORDERED.

Honorable Kevin T. Duffy
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-6-15
```

15